```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NORTH DAKOTA
                       NORTHEASTERN DIVISION

UNITED STATES OF AMERICA      )
                              )     REPORT AND RECOMMENDATION
         V.                   )
                              )         CASE NO. 2:06-cr-80
KYLE CHRISTOPHER WHITE        )
```

A petition filed August 18, 2009 alleging violation of conditions of supervised release was referred to this Court for hearing, and for preparation of this Report and Recommendation. (Doc. 98). This Court conducted a hearing on September 8, 2009. At the hearing, Kyle Christopher White admitted to the violation charged in the petition, and the parties presented their positions on disposition. The United States seeks revocation of release, a term of custody of six months, and reinstatement of supervised release after the term of custody. White seeks continuation of supervised release, with modified conditions and an extension of the term of supervised release.

## **FACTS**

White's term of supervised release is part of a sentence imposed after he pled guilty to a charge of assault resulting in serious bodily injury. He was sentenced to a term of 30 months imprisonment, followed by three years supervised release, and ordered to pay $23,126.87 in restitution. The salient facts concerning his supervised release performance through June 2009 were included in a Report and Recommendation prepared approximately

1

one month ago (Doc. No. 81), and are not repeated in detail in this Report and Recommendation.

The earlier petition charged use of alcohol and non-prescribed opiates, as well as tribal DUI and child abuse charges.  White admitted to the allegations of the earlier petition, and conditions were modified to include (1) placement at Heart of America Correctional & Treatment Center until completion of drug and alcohol treatment, (2) a residential re-entry center placement at Southwest Multi-County Correctional Center for six months following the HACTC placement, (3) participation in psychological and psychiatric assessment and counseling as directed, (4) taking all medications prescribed by a physician or psychiatrist, (5) notification of, and verification by, the supervising officer of all medical appointments and prescriptions, and (6) arranging for monitoring of his children's well-being by an appropriate social services agency in the event he has custody of his children while in the community.  An Order modifying conditions of supervised release was entered August 7, 2009, and White began his HACTC placement on August 12, 2009.

The allegation in the petition concerns an incident which occurred two days after the HACTC placement began, on August 14, 2009.  After White and another resident at HACTC engaged in a verbal altercation, White hit the other individual in the nose, and the other individual was taken to an emergency room for evaluation.

HACTC terminated White's placement because of the incident.

At the hearing, the parties proffered differing versions of the verbal exchange that preceded White striking the other individual.  White maintained that he did it because the other individual accused him of being a sex offender.  The government asserted that statements of others who were present at the time of the incident did not fully support White's statements about having been called a sex offender.  That inconsistency in the evidence is not, however, critical to resolution of the matter.  Regardless of the provocation, White hit another individual.  His action was a clear violation of HACTC rules, and so was a clear violation of the conditions of his supervised release.  The fact that he may have been wrongly accused of having a record as a sex offender in no way excuses his actions.

White came into federal custody as a result of the petition on August 22, 2009, and did not contest the government's request that he be held in custody pending a decision on the petition.  An Order for Detention was entered on September 1, 2009 (Doc. 95).

### **PARTIES' POSITIONS ON DISPOSITION**

The United States asserts that White's actions demonstrate his tendencies to respond to situations with aggression, and that, in light of his record of similar aggressive behavior in the past, his supervised release should be revoked.  The government requests that White be ordered to serve six months in custody, and that he be

required to complete two years of supervised release after the term of custody.

Because HACTC terminated White's placement within days of its beginning, he did not actually begin the substance abuse treatment program. White requests another chance for alcohol and drug treatment. He proposes that conditions be modified to provide for a three month residential placement during which he could participate in a treatment program. He proposes that his term of supervised release be extended so that he is required to complete two additional years after completion of the substance abuse treatment. White requests that his residential placement be at SWMCC, because of his prospects for work with a former employer in the Dickinson area.

## POLICY STATEMENTS OF SENTENCING GUIDELINES

When sentence was imposed on the underlying assault charge, White was in Criminal History Category II. The violation to which he has admitted is of Grade C. If supervision were to be revoked, the policy statements suggest a term of custody of four to ten months.

## DISCUSSION

At the most recent hearing, White tried to excuse his August 14th behavior, as what he "had to do" because of a false accusation made against him. Along with his erroneous belief that his actions were justified, however, White expressed a desire to get substance

4

abuse treatment. He repeatedly said that he recognized that was necessary in order to be able to care for his young children.

This Court believes that White's desire to undergo substance abuse treatment is sincere, and that he is motivated to participate in treatment at this time. It is apparent that control of his substance abuse problems will be necessary in order for him to successfully complete a term of supervised release. As discussed in the earlier Report and Recommendation, White had done well with some aspects of his supervised release. He was employed, at a job he liked and to which he hopes to return. His current problems are related, in part, to a work injury which temporarily disabled him from employment, and which contributed to his illegal use of controlled substances.

This Court recommends that White be given another opportunity for substance abuse treatment.

### RECOMMENDATION

This Court recommends that the District Judge find that White violated conditions of supervised release, as alleged in the August 18, 2009 petition. This Court further recommends that White's supervised release be continued, with a modification of conditions. Conditions should be modified to require a minimum three month placement at a facility at which White can obtain appropriate substance abuse treatment. Following completion of that treatment placement, the conditions imposed in the Order of August 7, 2009,

other than the condition relating to HACTC, should remain in place. Finally, White's supervised release term should be extended through December 15, 2011 (two years after completion of the three month treatment placement).

## OPPORTUNITY FOR OBJECTIONS

Pursuant to Local Rule 72.1(E)(4), either party may object to the proposed findings and recommendation within ten days after being served with a copy of this Report and Recommendation. If the parties do not object to the proposed findings and recommendations, they should promptly advise the Clerk's Office, so that the matter may be considered by the District Judge before the ten day period ends.

Dated this 15th day of September, 2009.

*/s/ Alice R. Senechal*
Alice R. Senechal
U.S. Magistrate Judge