```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NORTH DAKOTA
                  NORTHEASTERN DIVISION

UNITED STATES OF AMERICA    )
                            )   REPORT AND RECOMMENDATION
        V.                  )
                            )        CASE NO. 2:06-cr-80
KYLE CHRISTOPHER WHITE      )
```

A petition filed February 18, 2010 (Doc. 120) alleging violation of conditions of supervised release was referred to this Court for hearing, and for preparation of this Report and Recommendation. (Doc. 98). This Court conducted a hearing on March 8, 2010. At the hearing, Kyle Christopher White admitted to the violations charged in the petition, and the parties presented their positions on disposition. The United States seeks revocation of release and a term of custody of six months, with no additional supervised release after the term of custody is completed. White seeks a shorter term of custody.

## FACTS

White's term of supervised release is part of a sentence ordered after he pled guilty to a charge of assault resulting in serious bodily injury. He was sentenced to a term of 30 months imprisonment, followed by three years supervised release, and ordered to pay $23,126.87 in restitution.

White has admitted to violations of conditions six times, since his supervised release began seventeen months ago. About six months after supervised release began, he admitted abusing

1

prescription medications, and consented to a placement at Centre, Inc.  The first petition involved use of alcohol and non-prescribed opiates, and tribal DUI and child abuse (improper use of child car seat) charges.  As a result of that first petition, White was ordered to complete a treatment program at Heart of America Correctional & Treatment Center and to reside at a residential re-entry center for six months after completion of the treatment program.  The second petition concerned an altercation in which White was involved a few days after beginning the HACTC placement, and that second petition resulted in an order that White complete a minimum three month placement at a facility at which he could obtain alcohol and drug treatment, followed by six months in an RRC.  The third petition involved violations of rules of the RRC at which White had been placed, and resulted in revocation of supervised release, an order for imprisonment for four months, and extension of supervised release through December 15, 2011 with additional conditions relating to contact with his family.

White completed the revocation imprisonment in early January 2010, but had a series of violations shortly thereafter.  On January 27, 2010, White agreed to another placement at an RRC for up to six months.  Because of his past noncompliant behaviors, the supervising officers had difficulty locating an RRC that would accept White.  Centre, Inc.'s, Fargo facility decided to accept him, and the supervising officer directed White to report to that

facility no later than noon on Friday, February 12, 2010.  The current (fourth) petition alleges that White did not report to Centre, Inc., until February 15, 2010, and that he tested positive for morphine upon arrival at that facility.

White admitted that he did not arrive at Centre, Inc., until February 15th.  He described difficulty in arranging for transportation from Mandan to Fargo.  It is undisputed that he called the supervising probation officer about the difficulty, and that White ultimately arranged for financial assistance to purchase a bus ticket, with the assistance of his counsel.  Though those arrangements were made on Friday, White chose to stay in Bismarck/Mandan until early Monday morning, because he expected to sing in a drum group with family members at a weekend event in Bismarck/Mandan.

White acknowledged that he tested positive for morphine when he arrived at Centre, Inc.  White proffered evidence that he had received a prescription because of a toothache.  Centre, Inc., staff reported that White had an empty prescription bottle when he arrived there, but facility staff discarded the bottle, so the details of the prescription cannot be confirmed.  It is undisputed that White did not advise the supervising probation officer that he had been given a prescription, as conditions of his supervised release required him to do.

White came into federal custody as a result of the current

3

petition on February 19, 2010, and did not contest the government's request that he be held in custody pending a decision on the petition. An Order for Detention was entered on February 23, 2010 (Doc. 95).

## PARTIES' POSITIONS ON DISPOSITION

It is the position of the United States that White has demonstrated that he cannot successfully complete a term of supervised release, that his supervised release should be revoked, and that he should not be required to serve an additional term of supervised release after completion of a term of custody. The United States asks that a term of custody of six months be ordered.

White asks that the term of custody be four months rather than six months, and that no additional supervised release be ordered after he has completed the term of custody.

## POLICY STATEMENTS OF SENTENCING GUIDELINES

When sentence was imposed on the underlying assault charge, White was in Criminal History Category II. The violation to which he has admitted is of Grade C. If supervision were to be revoked, the policy statements suggest a term of custody of four to ten months.

## DISCUSSION

White has repeatedly violated conditions of supervised release. Although he eventually complied with the directive to report to Centre, Inc., his delay in doing so demonstrates his

pattern of ignoring the authority of the supervising probation officer. Similarly, he ignored clear direction that he tell the supervising probation officer of any medications prescribed for him. White has a pattern of blaming others and finding excuses for his noncompliant behavior.

The supervising probation officers have given White repeated opportunities to succeed on supervised release, but he has wasted those opportunities.

## RECOMMENDATION

This Court recommends that the District Judge find that White violated conditions of supervised release, that his supervised release be revoked, and that he be ordered to serve a term of six months, with credit for the time he has served since he came into federal custody as a result of the petition.

## OPPORTUNITY FOR OBJECTIONS

Pursuant to Local Rule 72.1(E)(4), either party may object to the proposed findings and recommendation within fourteen days after being served with a copy of this Report and Recommendation. If the parties do not object to the proposed findings and recommendations, they should promptly advise the Clerk's Office, so that the matter may be considered by the District Judge before the fourteen day period ends.

Dated this 12th day of March, 2010.


>                                        */s/ Alice R. Senechal*
>                                        Alice R. Senechal
>                                        U.S. Magistrate Judge